# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO PACHECO-ESCOBAR,<br><br>    Petitioner,<br><br>v.<br><br>UNNAMED RESPONDENTS,<br><br>    Respondent. | Case No. 14-cv-829-BAS(KSC)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**<br><br>**[ECF No. 1]** |

On April 7, 2014, Petitioner Gerardo Pacheco-Escobar, who is proceeding *pro se*, filed a motion for "a stay of removal pending resolution of the petition for review that he filed with this court on 03-31-14." (ECF No. 1.) This motion was entered onto the docket as a Petition for Writ of Habeas Corpus, presumably under 28 U.S.C. § 2241. Immigration and Customs Enforcement ("ICE") opposes on behalf of Respondent Unnamed Respondents.

For the following reasons, the Court **DISMISSES WITHOUT PREJUDICE** Petitioner's motion for lack of subject-matter jurisdiction.

## I. BACKGROUND

On January 18, 2013, Petitioner was detained by ICE and placed in removal proceedings. (Clark Decl. Exs. A–B.) ICE charged Petitioner with removability as a citizen of Mexico who was "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (Clark Decl. Ex. B.) On March 7, 2013, Petitioner was afforded a bond redetermination hearing before an Immigration Judge ("IJ"), who granted Petitioner's request for bond and set it in the amount of $25,000. (Clark Decl. Ex. C.) Petitioner then filed an untimely appeal of the bond decision before the Board of Immigration Appeals ("BIA"). (Clark Decl. Ex. D.)

On June 27, 2013, an IJ denied Petitioner's applications for relief from removal and ordered him removed to Mexico. (Clark Decl. Ex. E.) Petitioner appealed that decision, but the BIA agreed with the IJ that Petitioner "did not establish that the hardship his children would suffer would be substantially different from or beyond that which would normally be expected upon a parent's removal." (Clark Decl. Ex. F.) Consequently, on October 16, 2013, the BIA found that Petitioner "has not demonstrated eligibility for the relief he seeks," and dismissed the appeal. (*Id.*) On November 4, 2013, Petitioner filed a petition for review of the BIA's decision dismissing his appeal with the Ninth Circuit Court of Appeals along with a request for a stay of removal, which resulted in an automatic temporary stay of removal. (Clark Decl. Ex. G.)

On December 11, 2013, Petitioner was afforded a custody-redetermination hearing before an IJ pursuant to *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013). (Clark Decl. Ex. H.) The IJ denied Petitioner's request on the grounds that it lacked jurisdiction. (*See id.*) On March 5, 2013, the BIA "affirm[ed], without opinion, the result of the decision below[,]" and stated that "[t]he decision below is, therefore, the final agency determination." (Clark Decl. Ex. I.)

//

On February 25, 2014, the Ninth Circuit dismissed Petitioner's petition for review for "lack[] of jurisdiction over a discretionary decision regarding exceptional and extremely unusual hardship," and because Petitioner "has failed to raise a colorable constitutional or legal claim to invoke our jurisdiction over this petition for review." (Clark Decl. Ex. J.) The Ninth Circuit added that the temporary stay of removal will terminate upon issuance of the mandate. (*Id.*)

On April 28, 2014, the Ninth Circuit construed Petitioner's "motion for the Ninth Circuit judges to take consideration about this case" as a motion for reconsideration. (Clark Decl. Ex. K.) The court denied the motion. (*Id.*) It also stated that "[n]o further filings will be entertained in this closed case." (*Id.*) As of June 27, 2014, the Ninth Circuit had not yet issued the mandate.

## II.   ANALYSIS

Federal courts are courts of limited jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are even "obliged to inquire sua sponte whenever a doubt arises as to the existence of [its] jurisdiction." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

This Court lacks subject-matter jurisdiction over this motion. Title 8, section 1252, provides as follows:

> [N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

8 U.S.C. § 1252(g). This provision was created to "eliminate[] district court habeas corpus jurisdiction over orders of removal and vest[] jurisdiction to review such orders exclusively in the courts of appeals." *Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006) (citing *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 928-29 (9th Cir. 2005)). "[A]

petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5); *see also Lin v. Gonzales*, 473 F.3d 979, 981 n. 1 (9th Cir. 2007); *Azarte v. Ashcroft*, 394 F.3d 1278, 1281 (9th Cir. 2005) ("The denial of a motion to reopen falls within our jurisdiction over final orders of removal (not issued in absentia) under 8 U.S.C. § 1252(a)(1), provided that the denial has been separately appealed."). "[R]equesting a stay of execution of the BIA's removal order . . . falls within the ambit of section 1252(g)." *Xiaoyuan Ma v. Holder*, 860 F. Supp. 2d 1048, 1059 (N.D. Cal. 2012) (citing *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 945 (5th Cir. 1999)).

Consistent with *Xiaoyuan Ma*, this motion falls squarely under the scope of § 1252(g). *See Xioayuan Ma*, 860 F. Supp. 2d at 1059. Petitioner's reply does not provide any response to Respondent's jurisdictional challenge, or any alternative grounds on which this Court would have subject-matter jurisdiction over this motion. (*See* Pet'r's Reply 8.) Because the only relief that Petitioner seeks is a stay of his removal order pending his petition for review, this Court lacks jurisdiction to hear his request under 8 U.S.C. § 1252(g). *See Xioayuan Ma*, 860 F. Supp. 2d at 1059.

## III.   CONCLUSION & ORDER

In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** Petitioner's motion for a stay of removal for lack of subject-matter jurisdiction. The Clerk of the Court shall close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 30, 2014**

*[signature]*
**Hon. Cynthia Bashant**
**United States District Judge**